1 | SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
2 | bob@sandiegoconsumerattorneys.com
Jared M. Hartman (SBN 254860)
3 | jared@ sandiegoconsumerattorneys.com
400 S. Melrose Dr., Suite 209
Vista, CA 92081
4 | Telephone: (951) 293-4187; Fax: (888) 819-8230

5 | Attorneys for Plaintiff, ORLANDO SANCHEZ

**U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| ORLANDO SANCHEZ, an individual, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF:** |
| vs. | 1. **FEDERAL FAIR CREDIT REPORTING ACT,** |
| EXPERIAN INFORMATION SOLUTIONS, INC., | 2. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT** |
| Defendants. | |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE U.S. DISTRICT COURT JUDGE:

Plaintiff, ORLANDO SANCHEZ, an individual, by and through his attorneys of record, hereby complains and alleges as follows:

## INTRODUCTION

1. Plaintiff, through his attorneys, brings this action to challenge the actions of Defendant EXPERIAN INFORMATION SOLUTIONS, INC.. (hereinafter "EXPERIAN"), for violations of the Federal Fair Credit Reporting Act (15 U.S.C. §§

1682-1681x) ("FCRA") and the California Consumer Credit Reporting Agencies Act (Cal. Civ. Code §§ 1785.1-1785.36) ("California CCRAA") for mixing his father's derogatory credit accounts with Plaintiff's consumer credit file, refusing to provide Plaintiff with a copy of his consumer credit report, and failing to undertake a reasonable investigation into Plaintiff's written disputes of his father's accounts being included within his file.

## JURISDICTION & VENUE

2. This action arises out of Defendant's violations of the Federal FCRA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p.

3. The U.S. District Court has supplemental jurisdiction over Plaintiff's cause of action for the State of California CCRAA pursuant to 28 U.S.C. § 1367(a).

4. Defendant EXPERIAN regularly conducts business within the State of California by collecting personal information related to every adult resident of the State of California and providing that information to various business entities within the State of California, and therefore personal jurisdiction is established.

5. Because all tortious conduct occurred while Plaintiff resided in the County of Riverside, venue properly lies in this court.

## PARTIES & DEFINITIONS

6. Plaintiff is a natural person whose permanent residence is in the County of San Diego, State of California.

7. Defendant EXPERIAN is physically located at 475 Anton Blvd., H46, in the City of Costa Mesa, State of California, and regularly does business in the State of California.

8. Plaintiff is a natural person, and is therefore a "consumer" as that term is defined by Calif. Civ. Code § 1785.3(b) of the California CCRAA and 15 U.S.C. § 1681a(c) of the Federal FCRA.

9. The causes of action herein pertain to Plaintiff's "consumer credit reports", as that term is defined by Calif. Civ. Code § 1785.3(c) of the California CCRAA and 15 U.S.C. § 1681a(d)(1) of the Federal FCRA, in that inaccurate misrepresentations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

10. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit

to be used primarily for personal, family, household and employment purposes.

11. Defendant EXPERIAN is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the Federal FCRA and Calif. Civil Code § 1788.3(d) of the California CCRA, as it regularly engages in whole or in part, for monetary fees, dues, or on a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## FACTUAL ALLEGATIONS

12. In June of 2015, Plaintiff sought to apply for an auto loan in the amount of $18,000.00 as a means of driving himself to and from work and school.

13. The potential creditor obtained a consumer credit report from a third-party reseller called CoreLogic, whose business is to purchase credit files of consumers from the "Big Three" consumer credit reporting agencies—Experian, Equifax, and Trans Union—and then provide the collected data to the person requesting the information from CoreLogic.

14. The June 2015 report provided by CoreLogic to the creditor contained several items of derogatory accounts incurred and defaulted upon by Plaintiff's father.

15. Plaintiff was therefore outrightly denied the the ability to even apply for the loan.

16. In June 2015, Plaintiff was a mere 20-year old attempting to make his first major purchase as a young adult in an effort to obtain financial independence and to mature

into a contributing member of society.

17. Because Plaintiff had no previous lines of credit, he should not have had any derogatory accounts in his consumer credit file as maintained by the consumer credit reporting agencies at all.

18. Upon contacting CoreLogic directly, Plaintiff was informed that Defendant EXPERIAN had merged the derogatory accounts from Plaintiff's father into Plaintiff's consumer credit file, and CoreLogic only obtained the inaccurate information from Defendant EXPERIAN.

19. By letter dated September 10, 2015, Plaintiff submitted a written dispute to CoreLogic directly that disputed the derogatory accounts that had been misidentified as his accounts.

20. Also by letter dated September 10, 2015, Plaintiff submitted a written dispute to Defendant EXPERIAN directly, and identified the four derogatory accounts that should not have been identified as his.

21. Plaintiff informed Defendant EXPERIAN that he did not open these accounts, and the dates alleged as the opening date for each account shows that they were all opened when he was a minor.

22. Plaintiff further informed Defendant EXPERIAN that he should not have any derogatory accounts in his file, and he had been informed by CoreLogic that the derogatory accounts had been provided to them by Defendant EXPERIAN.

23. In his written dispute, Plaintiff provided his address, date of birth, and social

5
**Complaint for Damages**

security number.

24. Defendant EXPERIAN received Defendant's written dispute on September 16, 2015, as corroborated by certified mail return receipt.

25. On or about September 28, 2015, Plaintiff received a letter from Defendant EXPERIAN, post-marked as September 23, 2015, that claimed, "The social security number you gave us does not match the identification information in our database."

26. As a result, Defendant EXPERIAN failed to take action on Plaintiff's dispute.

27. By letter dated October 7, 2015, CoreLogic informed Plaintiff that they had requested of Defendant EXPERIAN that they conduct an investigation and provide a response to Plaintiff's disputes, but Defendant EXPERIAN failed to respond so CoreLogic deleted the accounts from their third-party report by default.

28. Thereafter, on or about October 10, 2015, Plaintiff submitted to Defendant EXPERIAN directly a written request for his consumer credit report, and included with his request a photocopy of his social security card and California driver's license.

29. By letter post-marked November 10, 2015, Defendant EXPERIAN claimed, "The social security number you gave us does not match the identification information in our database."

30. As a result, Defendant EXPERIAN failed to take action upon Plaintiff's request.

31. CoreLogic's information to Plaintiff that Defendant EXPERIAN is the source of the erroneous merger of information is corroborated by the fact that EXPERIAN is failing to maintain a consumer credit file for Plaintiff under his own social security

1  number, and also because the consumer credit reporting agency Trans Union, LLC

2  furnished a complete consumer credit report for Plaintiff under his own social security

3  number in July 2015.

4     32. Plaintiff has suffered actual damages by way of loss of credit opportunity, denial

5  of an $18,000.00 auto loan, loss of creditworthiness, and also mental anguish by way of

6  frustration, feelings of hopelessness and despair, nervousness, and fear over not being

7  able to move forward in life at the same pace as his peers.

8     33. At all times during the aforementioned actions, there was in full force and effect

9  the following obligations pertaining to Defendant EXPERIAN, pursuant to Calif. Civ.

10  Code § 1785.16 of the California CCRAA (emphasis added):

> (a) If the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency by the consumer or user on behalf of the consumer, <u>*the consumer credit reporting agency shall within a reasonable period of time and without charge, reinvestigate and record the current status of the disputed information before the end of the 30-business-day period beginning on the date the agency receives notice of the dispute from the consumer or user*</u>, unless the consumer credit reporting agency has reasonable grounds to believe and determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure of the consumer to provide sufficient information, as requested by the consumer credit reporting agency, to investigate the dispute. Unless the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, before the end of the five-business-day period beginning on the date the consumer credit reporting agency receives notice of dispute under this section, the agency shall notify any person who provided information in dispute at the address and in the manner specified by the person. A consumer credit reporting agency may require that disputes by

> consumers be in writing.
>
> (b) In conducting that reinvestigation *<u>the consumer credit reporting agency shall review and consider all relevant information submitted by the consumer with respect to the disputed item of information</u>*. If the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, it shall notify the consumer by mail or, if authorized by the consumer for that purpose, by any other means available to the consumer credit reporting agency, within five business days after that determination is made that it is terminating its reinvestigation of the item of information. In this notification, the consumer credit reporting agency shall state the specific reasons why it has determined that the consumer's dispute is frivolous or irrelevant. *<u>If the disputed item of information is found to be inaccurate, missing, or can no longer be verified by the evidence submitted, the consumer credit reporting agency shall promptly add, correct, or delete that information from the consumer's file</u>*.

34. At all times during the aforementioned actions, there was in full force and effect the following obligation upon Defendant, pursuant to 15 U.S.C. § 1681i(a)(1)(A), & 1681i(a)(5)(A) of the Federal FCRA (emphasis added):

> (a)(1)(A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *<u>the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate</u>* and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.
>
> (a)(5)(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—

      (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

      (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

35. At all times during the aforementioned actions, there was in full force and effect the following obligation upon Defendant, pursuant to 15 U.S.C. § 1681j of the Federal FCRA (emphasis added) for Defendant to clearly and accurately disclose to Plaintiff:

1. All information contained in his file at the time of the request;

2. The sources of the information;

3. The identification of each person that procured a report upon Plaintiff; t

4. The dates, payees, and amounts of any checks upon which is based any adverse information;

5. A record of all inquiries received in connection with credit or insurance transaction; and

6. A statement that Plaintiff may request and obtain a credit score.

36. At all times during the aforementioned actions, there was in full force and effect the following obligation upon Defendant, pursuant to 15 U.S.C. § 1681e(a) & (b) of the Federal FCRA (emphasis added):

(a) Identity and purposes of credit users. ***Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [15 USCS § 1681c]*** and to limit the furnishing of consumer

reports to the purposes listed under section 604 [15 USCS § 1681b]. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [15 USCS § 1681b].

(b) Accuracy of report. ***Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates***.

## FIRST CAUSE OF ACTION
## FEDERAL FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A); and 1681e(a), (b)

37.   Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

38.   Defendant EXPERIAN violated 15 U.S.C. §§ 1681e(a) & (b) of the Federal FCRA when it failed to ensure maximum possible accuracy of the information it contained upon Plaintiff when it merged his father's derogatory credit information into his consumer credit report, and thereafter provided the erroneous information to CoreLogic, which ultimately resulted in Plaintiff being outrightly denied an auto loan.

39.   Defendant EXPERIAN violated 15 U.S.C. §1681i of the Federal FCRA when it failed to conduct a reasonable investigation into Plaintiff's September 10, 2015 written dispute, despite Plaintiff having provided his date of birth and address in

1  addition to his social security number.

2  40. Defendant EXPERIAN violated 15 U.S.C. §1681j of the Federal FCRA when it failed to provide to Plaintiff a copy of his consumer credit report upon his request, despite Plaintiff providing to Defendant a photocopy of his social security card and California driver's license along with his request.

3  41. Plaintiff has suffered actual damages by way of loss of credit opportunity, denial of an $18,000.00 auto loan, loss of creditworthiness, and also mental anguish by way of frustration, feelings of hopelessness and despair, nervousness, and fear over not being able to move forward in life at the same pace as his peers.

## SECOND CAUSE OF ACTION A
## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## Calif. Civ. Code § 1785.16

42. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

43. Defendant EXPERIAN violated Calif. Civ. Code § 1785.16 of the California CCRAA when it failed to conduct a reasonable investigation into Plaintiff's September 10, 2015 written dispute, despite Plaintiff having provided his date of birth and address in addition to his social security number, and Defendant was required to review and consider all relevant information submitted by Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants individually, and Plaintiff be awarded damages as follows:

1. Actual damages in the amount of $18,000.00, plus interest, for denial of an auto loan, or as the jury may allow at trial, pursuant to 15 U.S.C. §§1681n(a)(1)(A) and 1681o(a)(1) of the Federal FCRA, and Calif. Civ. Code §§1785.31(a)(1) and 1785.31(a)(2)(A) of the Calif. CCRAA;

2. Plus actual damages in the amount of $15,000.00, plus interest, for mental anguish, emotional distress, inconvenience, frustration, embarrassment, and despair, or as the jury may allow at trial, pursuant to 15 U.S.C. §§1681n(a)(1)(A) and 1681o(a)(1) of the Federal FCRA, and Calif. Civ. Code §§1785.31(a)(1) and 1785.31(a)(2)(A) of the Calif. CCRAA;

3. Plus punitive damages in the amount of $5,000.00 per willful violation pursuant to Calif. Civ. Code §1785.31(a)(2)(B) of the Calif. CCRAA;

4. Plus statutory punitive damages in the amount of $1,000.00 per willful violation pursuant to 15 U.S.C. §1681n(a)(1)(A) of the Federal FCRA;

5. Plus punitive damages in the amount of $50,000.00 per willful violation pursuant to 15 U.S.C. §1681n(a)(2) of the Federal FCRA

6. Injunctive relief to remove the inaccurate derogatory credit reporting information;

7. Any reasonable attorney's fees and costs to maintain the instant action pursuant to 15 U.S.C. §§1681n and 1681o of the Federal FCRA, and Calif. Civ. Code §§1785.31 of the Calif. CCRAA.

///

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

                                          SEMNAR & HARTMAN, LLP

DATED: 12/1/2015              /s/ Jared M. Hartman, Esq.
                                          JARED M. HARTMAN, ESQ.
                                          Attorney for Plaintiff,
                                          ORLANDO SANCHEZ