1   Douglas L. Clark (SBN 279408)
    JONES DAY
2   12265 El Camino Real, Suite 200
    San Diego, California 92130
3   Telephone:  +1. 858.314.1200
    Facsimile:   +1. 858.314.1150
4   Email: dlclark@jonesday.com

5   Attorneys for Defendants
    EXPERIAN INFORMATION SOLUTIONS,
6   INC.

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  ORLANDO SANCHEZ,                   Case No. 5:15-cv-02450-JGB-KK

12              Plaintiff,             Hon. Kenly K. Kato

13      v.                            **STIPULATED PROTECTIVE
                                       ORDER**
14  EXPERIAN INFORMATION
    SOLUTIONS, INC.,                   **[DISCOVERY MATTER]**
15
                Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

1      IT IS HEREBY STIPULATED by and between Plaintiff Orlando Sanchez

2 ("Plaintiff") and Defendant Experian Information Solutions, Inc. ("Defendant"),

3 through their respective attorneys of record, as follows:

4                   **GOOD CAUSE STATEMENT**

5      WHEREAS, Fed. R. Civ. P. 26(c)(1) requires a showing of good cause for

6 the entry of a protective order by the Court to prevent public disclosure of material

7 such as trade secrets or other confidential research, development, or commercial

8 information;

9      WHEREAS, documents and information have been and may be sought,

10 produced or exhibited by and among the parties to this action relating to trade

11 secrets, confidential research, development, technology or other proprietary

12 information belonging to Defendant (including, but not limited to, its computer

13 systems, software and processes used for credit reporting, and information derived

14 therefrom);

15      WHEREAS, an order of this Court is necessary to protect Defendant from

16 annoyance, embarrassment, oppression, or undue burden or expense related to the

17 disclosure of confidential, proprietary or private information of Defendant for

18 purposes other than prosecuting and defending this litigation; and

19      WHEREAS, this Order does not confer blanket protection on all disclosures

20 or responses to discovery, and the protection it gives from public disclosure and use

21 extends only to the specific documents and material entitled to confidential

22 treatment under applicable legal principles.

23

24      THEREFORE, an Order of this Court protecting such confidential

25 information shall be and hereby is made by this Court on the following terms:

26      1.     This Order shall govern the use, handling and disclosure of all

27 documents, testimony or information produced or given in this action which are

28 designated to be subject to this Order in accordance with the terms hereof.

STIPULATED PROTECTIVE ORDER
Case No. 5:15-cv-02450-JGB-KK

2.     Any party or non-party producing or filing documents or other materials in this action (a "Producing Party" or "Designating Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."  No party shall be obliged to challenge the propriety of a CONFIDENTIAL designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation at any time that is consistent with the Court's Scheduling Order.

3.     To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, including materials labeled as "Confidential," or known to be "Confidential" pursuant to this order, the party filing such papers shall file them with the clerk under seal pursuant to the procedures set out in Civil Local Rule 79-5.2.2; provided, however, that a copy of such filing without the confidential information may be made part of the public record.  Any party filing any document under seal must comply with all of the requirements of Civil Local Rule 79-5. Confidential materials may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential material at issue.  If a party's request pursuant to Civil Local Rule 79-5 to file Confidential material under seal is denied by the Court, then the party that received information or materials designated as "Confidential" ("Receiving Party") may file the information in the public record unless otherwise instructed by the Court.

4.     All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), unless challenged successfully under paragraph 11, shall not be used, directly or indirectly, by any person, for any business, commercial or competitive purposes or for any purpose

STIPULATED PROTECTIVE ORDER
Case No. 5:15-cv-02450-JGB-KK

1   whatsoever other than solely for the preparation and trial of this action in

2   accordance with the provisions of this Order; provided however, nothing in this

3   protective order shall be construed as authorizing a party to disobey a lawful

4   subpoena or court order issued in another action.

5        5.     Except with the prior written consent of the individual or entity

6   designating a document or portions of a document as "Confidential," or pursuant to

7   prior Order after notice, any document, transcript or pleading given "Confidential"

8   treatment under this Order, and any information contained in, or derived from any

9   such materials (including but not limited to, all deposition testimony that refers to,

10   reflects or otherwise discusses any information designated "Confidential"

11   hereunder) may not be disclosed other than in accordance with this Order and may

12   not be disclosed to any person other than: (a) the Court and its officers; (b) parties

13   to this litigation; (c) counsel for the parties, whether retained outside counsel or in-

14   house counsel and employees of counsel assigned to assist such counsel in the

15   preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a

16   stipulation of the parties that such witnesses need to know such information;

17   (e) present or former employees of the Producing Party in connection with their

18   depositions in this action (provided that no former employees shall be shown

19   documents prepared after the date of his or her departure); and (f) experts

20   specifically retained as consultants or expert witnesses in connection with this

21   litigation.  Notwithstanding the foregoing, nothing in this protective order shall

22   apply to the Court or the court personnel, who are subject only to the Court's

23   internal procedures regarding the handling of material filed or lodged, including

24   material filed or lodged under seal.

25        6.     Documents produced pursuant to this Order shall not be made

26   available to any person designated in Subparagraph 5(f) unless he or she shall have

27   first read this Order, agreed to be bound by its terms, and signed the attached

28   Declaration of Compliance.

STIPULATED PROTECTIVE ORDER
Case No. 5:15-cv-02450-JGB-KK

7.      All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8.      Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."  Any use of Confidential material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge.

9.      This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10.     Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be destroyed upon request of the Producing Party. Furthermore, the Receiving Party shall provide a written certification to the Producing Party that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies.

11.     In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order ("Challenging Party"), the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Local Rule 37-1.  If the dispute cannot be resolved, the parties shall seek appropriate relief from this Court in accordance with Local Rule 37-2.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

12.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

13.     The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**SO STIPULATED.**

Dated:  May 13, 2016                    SEMNAR & HARTMAN, LLP


                                        By: */s/ Babak Semnar*
                                            Babak Semnar

                                        Attorneys for Plaintiff
                                        ORLANDO SANCHEZ

STIPULATED PROTECTIVE ORDER
Case No. 5:15-cv-02450-JGB-KK

1    Dated:  May 13, 2016                              JONES DAY

2

3                                                              By: /s/ Douglas L. Clark
                                                                    Douglas L. Clark
4
                                                              Attorneys for Defendant
5                                                             EXPERIAN INFORMATION
                                                              SOLUTIONS, INC.
6

7                                    **Signature Certification**

8              Pursuant to Local Rule 5-4.3.4(a)(2), I hereby certify that all other signatories

9    listed, on whose behalf this filing is submitted, concur with the contents of this

10   filing and have authorized the filing.

11                                               /s/ Douglas L. Clark
                                                 Douglas L. Clark
12

13

14   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

15

16   Dated:   May 16, 2016            _____
                                                 Magistrate Judge Kenly K. Kato
17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

*Orlando Sanchez v. Experian Information Solutions, Inc.*
United States District Court, Central District of California
Case No. 5:15-cv-02450-JGB-KK

I, _____, declare as follows:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4    I have received a copy of the Stipulated Protective Order entered in this action on _____, 2016.

5.    I have carefully read and understand the provisions of this Stipulated Protective Order.

6.    I will comply with all provisions of this Stipulated Protective Order.

7.    I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8.    I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9.    Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10.    I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

STIPULATED PROTECTIVE ORDER
Case No. 5:15-cv-02450-JGB-KK

1       I declare under penalty of perjury under the laws of the United States that the

2   following is true and correct.

3       Executed this _____ day of _____, 2016 at _____.

4

5                                               _____

6                                               QUALIFIED PERSON

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. 5:15-cv-02450-JGB-KK