1  SEMNAR & HARTMAN, LLP
   BABAK SEMNAR (SBN 224890)
2  bob@sandiegoconsumerattorneys.com
   JARED M. HARTMAN (SBN 254860)
3  jared@sandiegoconsumerattorneys.com
   400 S. Melrose Dr., Suite 209
4  Vista, CA 92081
   Telephone: (951) 293-4187
5  Facsimile: (888) 819-8230

6  Attorneys for Plaintiff
   ORLANDO SANCHEZ
7

8          **UNITED STATES DISTRICT COURT**
           **CENTRAL DISTRICT OF CALIFORNIA**
9

10  ORLANDO SANCHEZ, an individual,          Case No. 5:15-cv-02450-JGB-KK

11            Plaintiff,                      **PLAINTIFF'S UNOPPOSED**
                                             **MOTION FOR LEAVE TO AMEND**
12                                           **COMPLAINT AND TO ADD**
       vs.                                   **PARTY—DEFENDANT**
13                                           **CORELOGIC CREDCO, LLC—**
                                             **PURSUANT TO RULE 15 AND**
14  EXPERIAN         INFORMATION             **LOCAL RULES 15-1, 15-2, 15-3**
15  SOLUTIONS, INC.,
              Defendants.                    Hrg date:    July 11, 2016
16                                           Hrg time:    9:00 a.m.
                                             Hrg location: Courtroom 1
17                                                         3420 12th St
                                                           Riverside, CA 92501
18

19  TO THE CLERK OF COURT, THE HONORABLE U.S. DISTRICT COURT
20  JUDGE, THE PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE
21  NOTICE:

22      This Motion is made following the conference of counsel on May 24, 2016
23  pursuant to Local Rule 7-3.  Counsel for Defendant EXPERIAN INFORMATION
24  SOLUTIONS, INC. indicated that the Motion will not be opposed.

25      Pursuant to Rule 15(a)(2) of the Federal Rules of Civ. Proc. and Local Rules 15-
26  1 through 15-3, Plaintiff ORLANDO SANCHEZ ("Plaintiff") by and through his
27  counsel of record, moves this Court for an Order granting him leave to amend to add a
28

new party, CoreLogic Credco LLC ("CORELOGIC") as a Defendant.  This Motion will be based upon the Points and Authorities provided below, as well as the Court file in this matter, and any further evidence or argument that may be provided at any hearing upon this Motion.

Pursuant to Local Rule 15-1, a proposed First Amended Complaint is attached hereto.

DATED: 06/01/2016                              Respectfully submitted,

                                               /s/ Jared M. Hartman
                                               Jared M. Hartman, Esq.
                                               Semnar & Hartman, LLP
                                               Attorneys for Plaintiff

MOTION FOR LEAVE TO AMEND

**MEMORANDUM OF POINTS & AUTHORITIES**

I.      INTRODUCTION AND STATEMENT OF THE CASE.

Plaintiff's Complaint alleges claims against Defendant Experian Information Solutions, Inc. ("EXPERIAN") for violations of the Federal Fair Credit Reporting Agencies Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCCRAA").

Plaintiff's allegations arose when he was outrightly denied an auto loan in June of 2015 based solely upon derogatory accounts on his report that do not belong to him. The accounts were patently incorrect, as a mere review of his birth date compared to the date of opening of each account would reveal that he was a mere minor at the time of their opening, and that they should not have been tagged on his credit file.  Plaintiff had never had any line of credit in his name prior to this application in June 2015, and therefore he should not have had any derogatory accounts on his report at all.  Plaintiff learned that the derogatory accounts were provided to the hopeful creditor by a third party reseller called CORELOGIC.  *See* Dckt. #1, ¶¶12-17.

Thereafter, CORELOGIC informed Plaintiff that they had only obtained the inaccurate information from Defendant EXPERIAN.   CORELOGIC also informed Plaintiff that it appeared EXPERIAN was mixing the files between Plaintiff and his father. *See* Dckt. #1, ¶18.

Plaintiff thereafter submitted written disputes to both CORELOGIC and EXEPRIAN in September 2015. By letter dated October 7, 2015, CORELOGIC informed Plaintiff that they had requested of Defendant EXPERIAN that they conduct an investigation and provide a response to Plaintiff's disputes, but Defendant EXPERIAN failed to respond so CORELOGIC deleted the accounts from their third-party report by default.  EXPERIAN rejected Plaintiff's dispute claiming that the social security number he provided did not match the identification information in its database. *See* Dckt. #1, ¶¶19-27.

1    Thereafter, on or about October 10, 2015, Plaintiff submitted to Defendant
2   EXPERIAN directly a written request for his consumer credit report, and included with
3   his request a photocopy of his social security card and California driver's license.  By
4   letter post-marked November 10, 2015, Defendant EXPERIAN claimed, "The social
5   security number you gave us does not match the identification information in our
6   database."  As a result, Defendant EXPERIAN failed to take action upon Plaintiff's
7   request.  *See* Dckt. #1, ¶¶28-29.

8    Plaintiff therefore alleged that EXPERIAN violated 15 U.S.C. §§ 1681e(a) & (b)
9   of the Federal FCRA when it failed to ensure maximum possible accuracy of the
10  information it reported to CORELOGIC about Plaintiff;15 U.S.C. §1681i of the Federal
11  FCRA when it failed to conduct a reasonable investigation into Plaintiff's September
12  10, 2015 written dispute;15 U.S.C. §1681j of the Federal FCRA when it failed to
13  provide to Plaintiff a copy of his consumer credit report upon his request; and Calif.
14  Civ. Code § 1785.16 of the California CCRAA when it failed to conduct a reasonable
15  investigation into Plaintiff's September 10, 2015 written dispute.  *See* Dckt. #1, ¶¶37-
16  43.

17   On May 18, 2016, Plaintiff took the deposition of EXPERIAN's person most
18  knowledgeable with respect to a host of various topics.  Through discovery procedures,
19  Plaintiff has been informed that the accounts at issue were tagged by EXPERIAN as
20  being too old for inclusion within any credit report, and therefore CORELOGIC should
21  not have published them to anyone because it should have observed the codes
22  identifying the accounts as too old and, thus, expired.  As a result of these discovery
23  procedures, Plaintiff has therefore learned that CORELOGIC may have its own liability
24  in this matter for its role in obtaining and publishing the patently incorrect information
25  to Plaintiff's hopeful creditor.  *See* Decl. of Hartman, ¶¶3-5.

26   As a result, Plaintiff seeks to amend his complaint to add CORELOGIC as a
27  Defendant with respect to 15 U.S.C. 1681e(a)-(b).  Promptly after the May 18th
28

deposition, on May 24, 2016 Plaintiff's counsel provided a redline edited draft of Plaintiff's proposed First Amended Complaint ("FAC") to counsel for Defendant EXPERIAN and requested a stipulation for leave to amend. Defense counsel indicated that EXPERIAN would not oppose the motion, but would not be in a position to stipulate to a joint motion. *See* Decl. of Hartman, ¶¶6-7.

Consequently, Plaintiff is now filing the instant Motion for Leave to Amend pursuant to Rule 15(a)(2) in order to seek full relief from all suspected tortfeasors for the harm inflicted upon him in this matter. *See* Decl. of Hartman, ¶8.

## II.   DETAILS OF PROPOSED AMENDMENTS PURSUANT TO THIS COURT'S STANDING ORDERS.

Pursuant to Local Rule 15-1, Plaintiff has attached as Exhibit A to the Declaration of Hartman a copy of the redline edited draft of his proposed FAC, which is the same draft that was provided to counsel for EXPERIAN. *See* Decl. of Hartman, ¶9.

Pursuant to this Court's standing orders (*see* Dckt. #8, Item 10), Plaintiff also identifies the pages and lines numbers of the substantive amendments as follows:

- Page 1, ¶ 1: identifying CORELOGIC as a Defendant
- Page 2, ¶ 5: alleging personal jurisdiction over CORELOGIC as a Defendant;
- Page 3, ¶ 9: identifying CORELOGIC's physical location;
- Page 4, ¶ 14: providing the relevant definition of "reseller" from 15 U.S.C. 1681a(u) of the FCRA as it pertains to CORELOGIC as a Defendant;
- Page 5, ¶¶21: explaining how the information was patently incorrect on its face;
- Page 5, ¶ 23: alleging that, upon information and belief, EXPERIAN claims that CORELOGIC either obtained the inaccurate derogatory information on its own, or it should have seen the code that EXPERIAN tagged on each account indicating that each account should not be included in any report due to the age of each account, and therefore CORELOGIC should not have published any of those derogatory accounts;
- Page 5, ¶ 24: alleging that, CORELOGIC does not have reasonable procedures

in place to assure maximum possible accuracy of the information about the consumer to whom it relates, or it did not follow such procedures if any are in place, as CORELOGIC should have observed the code tagged to each account by EXPERIAN indicating that each account should not be published due to its age, yet CORELOGIC published each account anyway;

- Page 5, ¶ 25: alleging that, CORELOGIC does not have reasonable procedures in place to assure maximum possible accuracy of the information about the consumer to whom it relates, or it did not follow such procedures if any are in place, as CORELOGIC should have observed the date of opening and/or date of default of each account and determined that they could not have been the Plaintiff's accounts due to his date of birth rendering him a minor during each relevant date;

- Page 7, ¶ 39: alleging that, Regardless of CORELOGIC's explanation of how it obtained the derogatory accounts, CORELOGIC should not have permitted the accounts to appear in his report because it should have observed the dates of account opening and compared with Plaintiff's date of birth to see that the accounts were opened when he was a minor and they therefore could not be his accounts;

- Page 7, ¶ 40: alleging that, upon information and belief, EXPERIAN claims CORELOGIC should not have permitted the accounts to be published on Plaintiff's report because EXPERIAN coded the accounts as too old for publication;

- Page 7, ¶ 42: alleging that, Plaintiff is informed and believes that Defendants are fully aware of their obligations with respect to the FCRA and Calif. CCRAA, yet recklessly disregarded Plaintiff's rights as owed to him by Defendants;

- Page 11, ¶ 51: alleging that, Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein;

- Page 11, ¶ 52: alleging that, The Central District of California has already held, on at least two separate occasions, that Defendant CORELOGIC is bound by the same standards of 15 U.S.C. 1681e as the consumer credit reporting agencies—such as

MOTION FOR LEAVE TO AMEND

EXPERIAN—in *Starkey v. Experian Info. Solutions, Inc., et al.*, 32 F. Supp. 3d 1105 (Cent. Dist. Calif. Jan. 8, 2014) and *Dirosa v. Equifax Info. Services, LLC, et al.*, 2014 U.S. Dist. LEXIS 108379 (Cent. Dist. Jan. 21, 2014);

•       Page 12, ¶ 53: alleging that, Plaintiff is informed and believes that CORELOGIC does not have reasonable procedures in place to assure maximum possible accuracy of the information about the consumer to whom it relates, or it did not follow such procedures if any are in place, in violation of 15 U.S.C. 1681e(a) and 1681e(b) of the FCRA, as CORELOGIC should have observed the code tagged to each account by EXPERIAN indicating that each account should not be published due to its age, yet CORELOGIC published each account anyway;

•       Page 12, ¶ 54: alleging that, Plaintiff is informed and believes that CORELOGIC does not have reasonable procedures in place to assure maximum possible accuracy of the information about the consumer to whom it relates, or it did not follow such procedures if any are in place, in violation of 15 U.S.C. 1681e(a) and 1681e(b) of the FCRA, as CORELOGIC should have observed the date of opening and/or date of default of each account and determined that they could not have been the Plaintiff's accounts due to his date of birth rendering him a minor during each relevant date;

•       Page 12, ¶ 55: alleging that, The derogatory accounts at issue were patently inaccurate on its face, because a simple cursory review of Plaintiff's date of birth would have resulted in the conclusion that the accounts could not have been Plaintiff's accounts;

•       Page 12, ¶ 56: alleging that, merely "parroting" the information that may have been provided to CORELOGIC by EXPERIAN, by simply taking that information and passing it on to the third party potential creditor without conducting its own independent review of the information prior to publishing to the third party, is not proper;

•       Page 12, ¶ 57: alleging that, Plaintiff has suffered actual damages by way of loss of credit opportunity, denial of an $18,000.00 auto loan, loss of creditworthiness, and

also mental anguish by way of frustration, feelings of hopelessness and despair, nervousness, and fear over not being able to move forward in life at the same pace as his peers;

- Pages 13-14, ¶¶1-9: clarifying the damages to be sought from each Defendant.

III. THE NINTH CIRCUIT APPLIES A POLICY OF LIBERAL AMENDMENTS PURSUANT TO RULE 15(a)(2), AND LEAVE TO AMEND SHOULD BE FREELY GRANTED WHEN JUSTICE SO REQUIRES.

In *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987), the Ninth Circuit Court of Appeals acknowledged that "the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a)(2) by freely granting leave to amend when justice so requires.'" (quoting *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986) (*quoting Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) . Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam));*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Four factors are commonly used to determine the propriety of a request for leave to amend: 1) bad faith, 2) undue delay, 3) prejudice to the opposing party, and 4) futility of amendment. *Loehr v. Ventural Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984; *Howey v. U.S.*, 481 F.2d 1187, 1190 (9th Cir. 1973). These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend. *Webb*, 655 F.2d at 980; *Hurn v. Retirement Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981).

///

*a. Plaintiff has acted with good faith and without undue delay.*

The factors of "good faith" and "undue delay" substantially overlap. *See, e.g.,* Wright & Miller, Federal Practice and Procedure, § 1487 ("When the court inquires into the good faith of the moving party, it typically will take account of the movant's delay in seeking the amendment."). Courts also consider whether the proposed amendment is interposed for some improper purpose, such as to affect the Court's jurisdiction or for reasons of litigation tactics. *See Id.* (if the Court "determines that the amendment was asserted in bad faith, as, for example, when plaintiff attempts to destroy the federal court's removal jurisdiction over the case by altering the complaint so that the case will be remanded, the court may not allow the amendment").  Moreover, in *DCD Programs, Ltd.*, *supra*, 833 F.2d at 187 the Ninth Circuit found no bad faith and affirmed grant of leave to amend where the plaintiff sought to develop evidence of wrongful conduct before asserting claims).  *See also, Qualcomm, Inc. v. Motorola, Inc.*, 989 F. Supp. 1048, 1050 (N.D. Cal. 1997) (finding no undue delay where the plaintiff's ongoing investigation and discovery had revealed sufficient information upon which to base new claims for relief).

Here, Plaintiff has not acted in bad faith and with undue delay, as the information that has led to the need for naming CORELOGIC as a Defendant in this matter was only obtained by way of discovery from EXPERIAN on May 18, 2016.  Plaintiff promptly informed counsel for EXPERIAN of the need to amend the complaint to so name CORELOGIC as a Defendant, and had to thereafter wait for the required 7-day meet and confer period to expire pursuant to Local Rule 7-3.  *See* Decl. of Hartman, ¶¶3-9.

*b. No prejudice will result to Defendant Experian.*

As the Defendant in this matter, Defendant Experian Information Solutions, Inc. bears the burden of establishing that prejudice will result from Plaintiff's amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, after providing a redline draft of the proposed Amended Complaint,

Defendant's counsel has indicated that Defendant will not oppose the instant Motion for leave to amend. *See* Decl. of Hartman, ¶¶6-7.

   c.  *The amendment will not be futile.*

   The final factor considered by Courts under Federal Rule 15 is futility of the proposed amendment.  Where, as here, the amended complaint alleges a legally sufficient claim for relief, leave to amend should be granted. *See Miller v. Rvkoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  A substantive evaluation of the merits of Plaintiff's allegations, however, would be improper on a motion for leave to amend. *See*, *William Schwarzer*, *et al., Federal Civil Procedure Before Trial* § 8:422 (noting that, "[o]rdinarily, courts do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend.").

   Nevertheless, in this matter, Plaintiff alleges that CORELOGIC either failed to implement or failed to follow reasonable procedures to assure maximum possible accuracy of the information about the consumer to whom the information relates in violation of 15 U.S.C. 1681e(a)-(b). *See* ¶¶24-25, 53-54 of **Exhibit A** to Hartman Decl.

   In order to succeed on a Section 1681e(b) claim, a plaintiff must establish each of the following four elements: (1) inaccurate information was included in his or her credit report; (2) the inaccuracy was due to the defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) he or she suffered injury; and (4) his or her injury was caused by the inclusion of the inaccurate entry. *Philbin v. Trans Union Corp.*, 101 F. 3d 957, 963 (3rd Cir. 1996).

   It bears noting that the Central District of California has already held, on at least two separate occasions, that CORELOGIC is bound by the same standards of 15 U.S.C. 1681e as the consumer credit reporting agencies—such as EXPERIAN—in *Starkey v. Experian Info. Solutions, Inc*., et al., 32 F. Supp. 3d 1105 (Cent. Dist. Calif. Jan. 8, 2014) and *Dirosa v. Equifax Info. Services, LLC, et al.*, 2014 U.S. Dist. LEXIS 108379 (Cent. Dist. Jan. 21, 2014).

1    In *Starkey*, very similar allegations were lodged against CORELOGIC as what

2    are alleged in Plaintiff's proposed FAC—that CORELOGIC merely "parroted" patently

3    false information that was supplied to it by Experian Information Solutions, Inc., which

4    resulted in the plaintiff in that matter pursuing violations of 15 U.S.C. 1681e(b).   In

5    denying CORELOGIC's motion for summary judgment, the court stated, "No matter

6    how many times 'patently incorrect' information is accurately reproduced, it remains

7    incorrect, and therefore 'inaccurate' under the FCRA.  32 F. Supp. 3d at 1109.  Because

8    the plaintiff there had sufficiently alleged patent errors—as opposed to latent errors—

9    due to the items in her report not even pertaining to her, the court found a genuine

10    dispute and denied CORELOGIC's motion for summary judgment. *Id*. at 1110.

11    Here, Plaintiff alleges that the errors that gave rise to the instant lawsuit were

12    patent errors, as CORELOGIC should have observed the date of opening and/or date of

13    default of each account and determined that they could not have been the Plaintiff's

14    accounts due to his date of birth rendering him a minor during each relevant date and a

15    simple cursory review of Plaintiff's date of birth would have resulted in the conclusion

16    that the accounts could not have been Plaintiff's accounts.  *See* ¶¶19-25, 52-56 of

17    **Exhibit A** to Hartman Decl.

18    These errors were published by CORELOGIC to Plaintiff's hopeful creditor, and

19    it caused him damage by way of being outrightly denied an auto loan.  It is clear that

20    the denial was due to the patently incorrect information identified by Plaintiff, as he

21    should not have had any derogatory information on his account at all.  *See* ¶¶17-25, 39-

22    41 of **Exhibit A** to Hartman Decl.

23    Therefore, Plaintiff has sufficiently alleged patently inaccurate information was

24    published by CORELOGIC to Plaintiff's hopeful creditor, and CORELOGIC either

25    failed to implement or failed to follow reasonable procedures to assure maximum

26    possible accuracy of the information about the consumer to whom the information

27    related—i.e. Plaintiff.  As a result, the proposed amendment will not be futile.

28

1    IV.   CONCLUSION.

2          Pursuant to Rule 15(a)(2) and Local Rules 15-1 through 15-3, Plaintiff

3    respectfully requests that he be granted leave to amend to bring in CORELOGIC as a

4    named Defendant.

5    DATED: 06/01/2016                          Respectfully submitted,

6
                                                /s/ Jared M. Hartman
7                                               Jared M. Hartman, Esq.
                                                Semnar & Hartman, LLP
8                                               Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR LEAVE TO AMEND